UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMARCUS LONG, ) | |
| ) | |
| Movant, ) | |
| ) | No. 16-1305-JDT-jay |
| VS. ) | Crim. No. 09-10050-JDT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 6, 2010, Jamarcus Long entered a guilty plea to one count of possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). (No. 09-10050, Crim. ECF Nos. 53 & 54.) At his sentencing hearing on December 8, 2011, the Court determined, based on his criminal history, that Long qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. He was sentenced to a 180-month term of imprisonment and a three-year period of supervised release. (No. 09-10050, Crim. ECF Nos. 85 & 86.) No direct appeal was filed.

In June 2016, Long sought permission from the Sixth Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255 challenging his sentence under

the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held a portion of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), unconstitutionally vague. The Court of Appeals denied leave as unnecessary because Long had not filed a previous § 2255 motion and transferred the proceeding to this Court. *In re Long*, No. 16-5782 (6th Cir. Dec. 8, 2016).

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings (§ 2255 Rules). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

Twenty-eight U.S.C. § 2255(f) contains a one-year limitations period:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

. . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

. . . .

Long filed his motion seeking leave to file a successive § 2255 in the Sixth Circuit on June 7, 2016, within one year after the decision in *Johnson*, so his § 2255 motion is deemed timely under § 2255(f)(3).

The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and has three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"), (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated offenses clause"), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id.*, § 924(e)(2)(B)(i)-(ii). In *Johnson*, the Supreme Court held the ACCA's residual clause is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. 135 S. Ct. at

2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

The Presentence Report (PSR) prepared by the Probation Office in this case shows that Long's sentence was enhanced under the ACCA based on seven 2001 Illinois convictions for residential burglary. (PSR ¶¶ 29-35.) Long contends none of these offenses are properly counted as ACCA predicates under *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016).

Long committed the first three Illinois residential burglaries before June 1, 2001. (PSR ¶¶ 29-31.) The applicable Illinois statute provided:

> A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft.

720 Ill. Comp. Stat. 5/19-3(a). Effective June 1, 2001, the statute was rewritten:

> A person commits residential burglary who knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft. This offense includes the offense of burglary as defined in Section 19-1.

The other four residential burglaries committed by Long fall under the amended statute. "Dwelling" is then defined in a separate provision:

> For the purposes of Section 19-3 of this Code, "dwelling" means a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside in or in their absence intend within a reasonable period of time to reside.

720 Ill. Comp. Stat. 5/2-6(b). This same definition was in effect for all seven of Long's burglary offenses.

4

In the memorandum accompanying his § 2255 motion, Long primarily argues that his residential burglary convictions are ACCA predicates only under the now-invalidated residual clause of the ACCA because they do not fall under the statute's "elements" clause. (*See* ECF No. 1-1 at PageID 15, 17-18.) The "elements" clause counts prior offenses that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(e)(2)(B)(i). Long is correct that force is not an element of the Illinois residential burglary statute. However, his convictions under the Illinois statute were counted not under the "elements" clause of the ACCA but under the "enumerated offenses" clause. *Id.* § 924(e)(2)(B)(ii). Though Long makes a passing reference to the decision in *Mathis* and states that his burglary convictions do not qualify under the enumerated offenses clause, he does not set forth any actual argument on that point. (*See* ECF No. 1-1 at PageID 14.)

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court held that a prior burglary conviction counts under the ACCA only if it is a "generic" burglary, meaning that it "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598. The Court further held that in determining the applicability of an ACCA enhancement, courts must use the "categorical approach" and "look only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602.

For statutes with a "divisible" structure listing alternative elements that define multiple crimes, some of which are broader than the generic offense and others of which

are not, the Supreme Court later approved the "modified categorical approach." *Shepard v. United States*, 544 U.S. 26 (2005). In determining whether a defendant pleading guilty under a divisible statute has "necessarily admitted elements of the generic offense," a sentencing court may look to certain specific information, which "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy . . . in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26. However, in *Mathis*, the Supreme Court considered an indivisible statute that "enumerates various factual means of committing a single element" rather than listing "multiple elements disjunctively." 136 S. Ct. at 2249. The Court held the modified categorical approach may not be used with such a statute if some of the alternative means of commission sweep broader than the generic offense. *Id.* at 2250-57.[1]

The Seventh Circuit, in *Smith v. United States*, 877 F.3d 720 (7th Cir. 2017), considered the precise issue in this case, whether a conviction for a pre-June 2001 Illinois residential burglary can be used as an ACCA predicate even after the decisions in *Johnson* and *Mathis*. The Court of Appeals held the residential burglary statute's definition of "dwelling" to include both a "mobile home" and a "trailer" does not make the statute

---

[1] The Iowa burglary statute at issue in *Mathis* required unlawful entry into an "occupied structure." Iowa Code Ann. § 713.1. "Occupied structure" then was defined, in pertinent part, as "any building, structure, . . . land, water or air vehicle, or similar place adapted for overnight accommodation of persons . . . or [used] for the storage or safekeeping of anything of value." *Id.* § 702.12.

6

broader than the definition of generic burglary set out in *Taylor*. *Smith*, 877 F.3d at 722-25.[2]

The Seventh Circuit's conclusion in *Smith* is supported by the decision in *United States v. Stitt*, 139 S. Ct. 399 (2018). *Stitt* considered whether aggravated burglary in Tennessee is generic burglary under *Taylor*. The Tennessee statute defines the offense of aggravated burglary as "burglary of a habitation." Tenn. Code Ann. § 39-14-403. "Habitation," in turn, is defined as: (1) "any structure, including . . . mobile homes, trailers and tents, which is designed or adapted for the overnight accommodation of persons," and (2) any "self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant." *Id.* §§ 39-14-401(1)(A)-(B). The Supreme Court held the Tennessee statute falls within the scope of generic burglary. 139 S. Ct. at 406-07. The Court stated that when the ACCA was passed in 1986, Congress intended the generic definition of burglary "to reflect 'the generic sense in which the term [was] used in the criminal codes of most States' at the time the Act was passed" and that at the time "a majority of state burglary statutes covered vehicles adapted or customarily used for lodging." *Id.* at 406. The Court further stated that Congress saw burglary as inherently dangerous because of the risk of violent confrontation and that "[a]n offender who breaks into a mobile home, an RV, a camping

---

[2] As a practical matter, *Smith*'s analysis also applies to convictions for residential burglaries committed after June 1, 2001. The "remains within" language that was added to the statute also falls within the definition of generic burglary. *See Taylor*, 495 U.S. at 598.

7

tent, a vehicle, or another structure that is adapted for or customarily used for lodging runs a similar or greater risk of violent confrontation." *Id.*

Similar to the Tennessee aggravated burglary statute, the Illinois residential burglary statute under which Long was convicted contains a definition of "dwelling" that is confined to those structures in which the owner or occupant resides. 720 Ill. Comp. Stat. 5/2-6(b). The holding in *Stitt* thus requires the conclusion that Illinois residential burglaries from 2001 also constitute generic burglaries under *Taylor*. Based on *Stitt* and the Seventh Circuit's opinion in *Smith*, the Court finds Long's prior residential burglary convictions are generic burglaries and were properly counted as predicate convictions under the ACCA.

Having considered Long's § 2255 motion and the entire record in this case, the Court finds he was properly sentenced and is not entitled to relief. 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are not debatable for the reasons stated; therefore, the Court DENIES a certificate of appealability. It is also CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that an appeal in this case by Long would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Long chooses to appeal, he must either pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit directly in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                   s/ **James D. Todd**
                                                   JAMES D. TODD
                                                   UNITED STATES DISTRICT JUDGE